ELLIOTT W. HUDGINS AND JOHN L. HUDGINS, APPELLANTS, *v.* WYNDHAM KEMP, ASSIGNEE IN BANKRUPTCY OF JOHN L. HUDGINS.

In this case, as in the preceding, no exceptions having been taken in the court below to a master's report respecting rents and profits, the questions cannot be decided by this court.

THIS was a branch of the preceding case, was argued by the same counsel, and included within the same principles.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the eastern district of Virginia.

The bill was filed by the assignee of the bankrupt, J. L. Hudgins, as in the preceding case, against E. W. Hudgins, a son, to set aside two deeds of conveyance of lands, as executed and delivered by the bankrupt to hinder and delay creditors— one dated 6th September, 1839, conveying three hundred acres lying in the county of York; the other dated 1st March, 1842, conveying, by estimation, seven hundred acres, in the same county—the latter for the consideration of $3,000. This deed was made a few days after the one set aside in the case of the assignee against Robert Hudgins. The case depends upon substantially the same evidence. Portions of it, tending to connect this defendant with the conduct of the grantor, in conveying away his property in fraud of his creditors, as respects the deed of the 1st March, 1842, are, if possible, somewhat stronger than that in the preceding case.

The court, on the 18th May, 1843, decreed that the deed was fraudulent and void, and that the assignee in bankruptcy take possession of the property as a receiver; and, further, that the deed of the 6th September, 1839, was not made in fraud of creditors, but was valid as against the complainant. The court also directed an account of the rents and profits, from the time of the petition in bankruptcy to the time of the receiver taking possession. The master subsequently reported rents and profits to the amount of $659.72; and on the 27th June, 1855, a final decree was entered.

The court decreed that the defendant, Elliott W. Hudgins, pay to the complainant $659.72, with interest from 2d June, 1848; and that, if the proceeds of the property directed to be sold in the case of the plaintiff against Robert Hudgins and others, should not be sufficient to satisfy the debts proved against the bankrupt, then the plaintiff is authorized to sell the lands in question, as particularly specified and directed in the said decree.

The only question arising on the master's report in this case, and the decree in pursuance thereof, is, that the rents and profits should not have been charged prior to the decree in bankruptcy. The answer to this objection is, that no such exception was taken to the report, and cannot, therefore, be noticed here. The case, in all its essential parts, falls within the views presented in the preceding one of this plaintiff against Robert Hudgins and others, and must abide the like result.

The decree of the court below is affirmed.